J-S20008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCEWIA HENDERSON, | : | |
| | : | |
| Appellant | : | No. 982 MDA 2017 |

Appeal from the Judgment of Sentence entered May 10, 2011,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s):  CP-06-CR-0003535-2010.

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED JUNE 07, 2018**

Francewia Henderson, appeals from the judgment of sentence entered following his convictions for aggravated assault, simple assault, and conspiracy to commit aggravated assault and simple assault[1] after a non-jury trial.  Henderson contends that the trial court erred in denying his claim that the verdict was against the weight of the evidence.  Upon review, we affirm the trial court's decision.

On the evening of June 22, 2010, the Reading Police Department conducted a drug investigation that targeted a residence located at 814 Muhlenberg Street in the City of Reading.  Criminal Investigator Christopher A. Mayer went to the residence in an undercover capacity, accompanied by a

_____

[1] 18 Pa.C.S.A. § 2702(a)(6), 18 Pa.C.S.A. § 2701(a)(3), and 18 Pa.C.S.A. § 903.

confidential informant, and attempted to purchase a quantity of crack cocaine in exchange for thirty dollars in pre-marked bills.

When Investigator Mayer and the informant arrived at the residence, they saw a man and woman on the porch and three men across the street. The informant asked for "Nando", a/k/a Fernando Martinez. The man on the porch, later identified as Leonard Streeter, directed them inside to the kitchen. There, they met Martinez, and Investigator Mayer asked to buy three bags of crack cocaine.

Meanwhile, the woman on the porch, Chanessa McClendon, ran across the street where Henderson and the two other men were standing. After speaking with them briefly, McClendon ran back into the house. Henderson and the two others followed her across the street and into the house. They then went back outside and waited on the sidewalk.

The drug transaction between Investigator Mayer and Martinez was interrupted when McClendon came into the kitchen and pulled Martinez aside to talk with him in another room. When Martinez returned, he told Investigator Mayer the drugs were no longer for sale, telling him they were intended for another buyer. Sensing trouble, Investigator Mayer and his informant attempted to leave. As Investigator Mayer was leaving the house, Henderson grabbed him by the shirt and pinned him against a wall. Henderson then pulled out a revolver and stuck it in Investigator Mayer's abdomen, while asking him if he was an informant or a police officer. A rescue team from the

Reading Police Department arrived shortly thereafter. Mayer was not hurt. Henderson and Martinez fled the scene but were later apprehended.

Henderson waived his right to a jury trial and was tried on May 4, 2011. The trial court convicted Henderson of aggravated assault, simple assault, and conspiracy to commit those crimes. *See* Trial Court Opinion, 7/28/17, at 4.

After seeking post-conviction relief for a second time in this case, Henderson's post-sentence and direct appeal rights regarding his weight claims were reinstated. By Order dated May 23, 2017, the trial court denied Henderson's post-sentence motion. This direct appeal followed. Both Henderson and the trial court complied with Pa.R.A.P. 1925.

Henderson sets forth a lengthy list of issues, all of which challenge the weight of the evidence. Summarily stated, Henderson claims that, because no weapon was ever found, and none of the other law enforcement officers actually saw a weapon, there was no credible evidence to support his convictions for assaulting Investigator Mayer. Additionally, Henderson claims that the various Commonwealth witnesses were not credible. According to Henderson, the officers' testimony was speculative and inconsistent, they were not well situated to observe what transpired and, other witnesses, who were also involved in the incident, had motivation to lie and/or speculated about what actually happened. For these reasons, Henderson argues his convictions were against the weight of the evidence.

When reviewing a challenge to the weight of the evidence, our standard of review is as follows:

The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. ***Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.***

\* \* \*

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

\* \* \*

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. ***Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.***

***Commonwealth v. Clay***, 64 A.3d 1049, 1054–55 (Pa. 2013) (citations omitted) (emphasis added). Absent an abuse of discretion, the trial court's decision will not be disturbed. ***See Commonwealth v. Griffin***, 515 A.2d 865, 869 (Pa. 1986). An abuse of discretion "is not merely an error in judgement. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law." ***Commonwealth v. West***, 937 A.2d 516, 521 (Pa. Super. 2007). By contrast, a proper exercise of discretion "conforms to the law and is based on the facts of record." ***Id.***

After a careful review of the record and the trial court's rationale for denying Henderson's post-sentence motion, we conclude that the trial court properly exercised its discretion.

In denying Henderson's motion, the trial court relied primarily upon Investigator Mayer's testimony about the incident. Trial Court Opinion, 7/28/17, at 6. At trial, Investigator Mayer testified that Martinez cancelled the drug buy after speaking briefly with McClendon. Upon attempting to leave the house after the deal went bad, Henderson grabbed him and slammed him against the wall, putting a dark-colored revolver in his side or front. On cross examination, Investigator Mayer did not waiver from his testimony about Henderson's actions.

The trial court further found that Investigator Mayer's testimony was corroborated by the testimony of two other officers conducting surveillance during the drug buy and two other eyewitnesses at the scene who were also involved in the incident. *Id.* These witnesses observed Henderson pinning Investigator Mayer against the wall. More significantly, both Martinez and Streeter testified that they saw Henderson put a gun to Investigator Mayer's stomach, again confirming his testimony. Several of the witnesses had observed McClendon talking with Henderson and the two other men across the street shortly before this. The Commonwealth entered into evidence photographs taken by the surveillance officer of the incident that day. The photographs were consistent with the witnesses' testimony.

In further concluding that Henderson's convictions were not against the weight of the evidence, the trial court, acting fact-finder, found the witnesses to be credible. Trial Court Opinion, 7/28/17, at 6-7. Henderson now asks us to reevaluate the trial court's determination regarding the credibility of the witnesses. "The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witness. An appellate court cannot substitute its judgment for that of the finder of fact." **Commonwealth v. Champney**, 832 A.2d 403, 408 (2003) (citations omitted). We, therefore, decline to do so.

Notwithstanding this, as noted by the Commonwealth, Henderson does not challenge the credibility of Investigator Mayer in this appeal. As discussed above, his testimony clearly supports the trial court's convictions of Henderson. The testimony of the other witnesses is superfluous to that of Investigator Mayer, but nonetheless corroborated his testimony as to what transpired that day as do the photographs taken by the surveillance officer.

In conclusion, the trial's court's decision that the verdict was not against weight of the evidence and its denial of Henderson's post-sentence motion, are well supported by the record. We, therefore, find that the trial court committed no abuse of discretion, and affirm Henderson's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 06/07/2018